IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DUSTIN P. WAKEFIELD                                                    PLAINTIFF

vs.                                    Civil No. 4:14-cv-04123

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Dustin P. Wakefield ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Insurance Benefits ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.    **Background:**

Plaintiff protectively filed his disability application on March 19, 2010. (Tr. 132-143). Plaintiff alleged being disabled due to attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), borderline mental intelligence, and a learning disability. (Tr. 166). This application was denied initially and again upon reconsideration. (Tr. 11).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 96). Plaintiff's administrative hearing was held on April 17, 2012. (Tr.

1

29-49).  At this hearing, Plaintiff was present and was represented by non-attorney representative Stanley Brummal.  *Id.*  Plaintiff testified at this hearing.  *Id.*  During this hearing, Plaintiff testified he was twenty (20) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008).  (Tr. 32).  As for his education, Plaintiff testified he had completed the twelfth grade in school.  (Tr. 33)

On March 29, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 11-23).  In this decision, the ALJ found Plaintiff attained age 18 on April 22, 2009, and was eligible for SSI benefits as a child for the month preceding the month in which he attained age 18, but was found no longer disabled as of January 1, 2010, based on a redetermination of disability under the rules for adults who file new applications.  (Tr. 13, Finding 1).  The ALJ determined that since January 1, 2010, Plaintiff had the following severe impairments: intermittent explosive disorder, mood disorder, borderline intellectual functioning, history of ODD, and a history of ADHD. (Tr. 13, Finding 2).  The ALJ also found Plaintiff did not have an impairment, or combination of impairments, that met or equaled a listing for presumptive disability.  (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-21, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform work at all exertional levels; could sit, stand and walk for six hours in an eight-hour workday; no pushing or pulling limitations with arms or legs; no postural, visual, manipulative, environmental, or communicative limitations; from the mental standpoint, is able to learn, understand, remember, and carry out at least simple 1-2 step instructions and tasks; able to maintain attention and concentration for at least two hour intervals; able to relate and interact with others, such as supervisors and co-workers, but contact with co-workers should be minimal or incidental and

2

should have no work contact with the general public; and able to respond appropriately to changes in the work setting and environment. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* However, relying on vocational expert testimony through a set of interrogatories, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 9). As a result, the ALJ found Plaintiff was not under a disability, as defined by the Act from January 1, 2010, through March 29, 2013, the date of the decision. (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6-7). On July 24, 2014, the Appeals Council denied this request for review. (Tr. 1-4). On September 22, 2014, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

4

**3.**   **Discussion:**

In his appeal brief, Plaintiff's sole argument is the ALJ erred by not finding Plaintiff met Listing 12.05(C).  ECF No. 11, Pgs. 2-8.  In response, Defendant argues the ALJ did not err in any of his findings.  ECF No. 12.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included intermittent explosive disorder, mood disorder, borderline intellectual functioning, history of ODD, and a history of ADHD. (Tr. 13, Finding 2).  However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 3).

Plaintiff argues he meets Listing 12.05(C) for intellectual disability.  In order to meet Listing 12.05, there must be a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.  12.05(C) requires a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.  Therefore, to meet 12.05(C), Plaintiff shows a valid verbal, performance, or full scale IQ score of 60 through 70, with an onset prior to age 22, and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

As Plaintiff discussed in his briefing, the ALJ found Plaintiff's intellectual disability did not meet the requirements of Listing 12.05(C) because: (1) he did not demonstrate a valid IQ between 60 and 70; (2) he did not establish an impairment imposing an additional and significant work-related

limitation of function, and (3) his adaptive functioning is higher than his test scores indicate. (Tr. 15). However the ALJ's findings are inconsistent with his conclusion of no valid IQ between 60 and 70 and that Plaintiff did not have a mental impairment imposing an additional and significant work-related limitation of function.

Although the ALJ's found there was no evidence documenting a valid IQ score between 60 and 70 (Tr. 15); the next sentence in his decision acknowledged a documented a full scale IQ of 65. *Id.* Furthermore, even though the ALJ stated Plaintiff did not establish an impairment imposing an additional and significant work-related limitation of function; the ALJ's finding that Plaintiff had several mental health conditions which were deemed "severe" (Tr. 13, Finding 2), is in fact supportive of a significant work-related limitation of function. Finally, it appears Defendant concedes these issues as he failed to discuss them in his briefing. ECF No. 12. Therefore, the only remaining issue is whether Plaintiff had deficits in adaptive functioning to meet Listing 12.05(C).

The ALJ found Plaintiff did not meet Listing 12.05(C) in part because Plaintiff did not have the level of deficits in adaptive functioning to meet Listing 12.05(C). (Tr. 15). Plaintiff argues the ALJ did not state what standard he used and lacked adequate rationale to support his finding regarding deficits in adaptive functioning.

The ALJ's only finding with respect to Plaintiff's level of deficits in adaptive functioning was that Plaintiff's adaptive functioning was higher than his test scores indicated. (Tr. 15). This finding is vague and the ALJ failed to provide any analysis in support of this finding. In briefing, Defendant provided several reasons in support of the ALJ's finding (ECF No. 12), however, these reasons were not discussed in the ALJ's decision.

Furthermore, Plaintiff does suffer from some deficits in adaptive functioning. The ALJ's own

6

findings show Plaintiff has moderate limitations of activities of daily living and social functioning. (Tr. 14). Also, Plaintiff's 2006 IQ testing showed adaptive deficits, including a need for special education classes, reading at the sixth grade levels, and performing math at 3rd/4th grade levels despite the fact Plaintiff was in 10th grade at the time. (Tr. 240, 242, 247-248). The testing identified adaptive deficits at home and in school including extreme weaknesses in communications, social, and academics. (Tr. 249). The testing also found global learning disabilities that had impacted Plaintiff's progress in school. (Tr. 248).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 28th day of May 2015.**

/s/Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE